UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROY W. SWANSON, )
        Petitioner, )
v. ) No: 1:16-cv-3368-WTL-MPB
)
CHARLES DANIELS, Warden, )
)
        Respondent. )

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Roy Swanson is confined in this District serving the executed sentenced imposed by the United States District Court for the Eastern District of Wisconsin following his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He seeks a writ of habeas corpus.

Having considered the pleadings, the expanded record and the parties' arguments, and being duly advised, the Court finds that Swanson's petition for writ of habeas corpus must be denied. This conclusion rests on the following facts and circumstances:

1. Swanson entered a plea of guilty to the offense noted above and conceded that he qualified for an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). He was sentenced to the statutory minimum of 180 months. No direct appeal was filed, but Swanson challenged the ACCA enhancement in an action for relief pursuant to 28 U.S.C. § 2255. That motion was denied.

2. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). Swanson, however, challenges his sentence and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

3. The present action is brought pursuant to § 2241(c)(3). Swanson brought an earlier habeas action, docketed as No. 2:14-cv-187-WTL-WGH. The denial of habeas relief was affirmed on appeal, with the Court of Appeals noting, in part, that Swanson's admission in his plea agreement "continues to bind him." The Court of Appeals also concluded that "Swanson's convictions are for generic burglary." *Swanson v. LaRiva,* No. 14-3280 (7th Cir. June 24, 2015).

4. Swanson's motion for leave to file a second or successive 28 U.S.C. § 2255 motion was docketed in the Court of Appeals as No. 16-2100. The motion was denied on June 9, 2016, with the following explanation: "Swanson, who was sentenced as an armed career criminal, wants to challenge his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. But Swanson was not sentenced under the residual clause. He qualified as an armed career criminal based on Wisconsin burglary convictions. Burglary is an enumerated offense under 18 U.S.C. § 924(e)(2)(B)(ii), and thus unaffected by *Johnson*. And this court has already determined that Swanson's convictions were for generic burglary. *Swanson v. LaRiva*, No. 14-3280 (7th Cir. June 24, 2015)."

5. Swanson has raised a new challenge to his designation as an armed career criminal, now asserting that a Wisconsin burglary conviction can no longer serve as a predicate offense under the ACCA. In *United States v. Edwards,* 836 F.3d 831, 838 (7th Cir. 2016), the Seventh Circuit found that because the Wisconsin burglary statute covers a "greater swath of conduct" than the elements of the Guidelines offense, it cannot serve as a predicate offense under § 2K2.1(a). "The analysis in *Edwards* also means that a conviction under Wisconsin's burglary statute cannot be a predicate offense under the ACCA." *Slizewski v. United States*, No. 14-CR-87-JDP, 2017 WL 3669008, at *2 (W.D.Wis. Aug. 24, 2017).

6. In Swanson's case, however, the Seventh Circuit has twice noted that the ACCA enhancement was based on "generic burglary," and twice noted that his ACCA enhancement is binding. The first of these holdings is the law of the case, *see United States v. Mazak*, 789 F.2d 580, 581 (7th Cir. 1986) ("We hold that once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a district judge asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it."), and Swanson continues to be bound by the terms of his plea agreement. *Muse v. Daniels*, 815 F.3d 265 (7th Cir. 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack"); *Muller v. Sauers*, 523 Fed. Appx. 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 . . .").

7. As shown by the foregoing, therefore, Swanson's present habeas petition offers to little too late. All he has done, in fact, is to seek relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 9/21/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ROY SWANSON
08297-089
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically registered counsel